**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |
|---|
| BOBBY HENNY NANGOY and BOBBY ALBERTO NANGOY, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. |

No. 08-71655

Agency Nos. A095-634-503
A095-634-510

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:    B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Bobby Henny Nangoy and his son Bobby Alberto Nangoy, natives and

citizens of Indonesia, petition for review of the Board of Immigration Appeals'

order dismissing their appeal from an immigration judge's ("IJ") decision denying

their applications for asylum, withholding of removal, and relief under the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

The IJ denied petitioners' asylum applications as time-barred. Petitioners do not challenge this dispositive finding in their opening brief.

Substantial evidence supports the agency's finding that petitioners did not suffer past persecution because even considered cumulatively, the harassment and threats endured by them and their family members, and the suspected poisoning and beating of their dog did not rise to the level of persecution. *See Wakkary*, 558 F.3d at 1059-60; *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Further, the record does not compel the conclusion that there is a pattern or practice of persecution against Christians in Indonesia. *See Wakkary*, 558 F.3d at 1060-62.

However, the agency found petitioners failed to demonstrate a clear probability of persecution on account of their Christian religion based on what occurred to them. In reaching this conclusion, the agency did not apply the disfavored group analysis. In light of our intervening decision in *Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010), we remand for the agency to assess petitioners' withholding of removal claim under the disfavored group analysis in

the first instance. *See Wakkary*, 558 F.3d at 1067; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the agency's finding that petitioners did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Indonesian government. *See Wakkary*, 558 F.3d at 1067-68. Accordingly, their CAT claim fails.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**